UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY BROWN,<br><br>    Petitioner,<br><br>v.<br><br>RENEE BAKER, *et al.*,<br><br>    Respondents. | Case No. 3:19-cv-00258-LRH-WGC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION (ECF NO. 15)** |

In this habeas corpus action, brought pursuant to 28 U.S.C. § 2254 by Jerry Brown, a Nevada prisoner, Brown, represented by counsel, filed a first amended habeas petition on July 11, 2019 (ECF No. 13). On that date, Brown also filed a motion for leave to file a second amended petition (ECF No. 15). On July 17, 2019, Respondents filed a notice stating that they do not oppose the motion for leave to file a second amended petition (ECF No. 16).

In the motion for leave to amend, Brown explains that he filed the first amended petition on July 11, 2019, out of concern regarding the operation of the statute of limitations, but that he wishes to file a second amended petition to further refine his petition.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. A petitioner may amend his habeas petition at any time with leave of court. *See* Fed. R. Civ. P. 15(2). "The court should freely give leave when justice so requires." *Id*. Whether to grant leave to amend rests in the sound discretion of the court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993)). "In exercising its

discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Courts commonly consider four factors -- the so-called *Foman* factors – when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Prejudice to the opposing party is the most important of these factors. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Taking the *Foman* factors into consideration, and in light of Respondents' non-opposition to the motion, the Court will grant Brown's motion for leave to file a second amended petition.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to File a Second Amended Petition (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner will have until **September 12, 2019**, to file a second amended petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered June 14, 2019 (ECF No. 12) will remain in effect.

DATED this 18th day of July, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE