UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JERRY BROWN,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00258-LRH-WGC

**ORDER DENYING**
**MOTION TO DISMISS**
**(ECF NO. 39)**

In this habeas corpus action, the respondents filed a motion to dismiss (ECF No. 39) on June 24, 2020. The Court will deny that motion, without prejudice to the respondents asserting in their answer that the petitioner's claims are procedurally defaulted.

On November 2, 2016, the petitioner, Jerry Brown, was convicted, upon guilty pleas, in Nevada's Tenth Judicial District Court (Churchill County), of two counts of lewdness with a child under age 14. *See* Judgment of Conviction, Exh. 10 (ECF No. 40-10). Brown was sentenced to two consecutive sentences of life in prison, with the possibility of parole after ten years on each. *See id.* Brown did not appeal from the judgment of conviction.

Brown filed a post-conviction petition for writ of habeas corpus in the state district court on October 5, 2017. *See* Petition for Writ of Habeas Corpus, Exh. 16 (ECF No. 40-16). While that petition was pending, he filed another such petition. *See* Petition for Writ of Habeas Corpus, Exh. 30 (ECF No. 40-30). The state district court consolidated the two petitions and denied Brown relief in a written order filed on November 3, 2017. *See* Order Dismissing Petition for Writ of Habeas Corpus, Exh. 26 (ECF No. 40-26). Brown

1    appealed, and the Nevada Court of Appeals affirmed on February 12, 2019. *See* Order

2    of Affirmance, Exh. 59 (ECF No. 41-28). The Court of Appeals denied rehearing on

3    April 24, 2019. *See* Order Denying Rehearing, Exh. 61 (ECF No. 41-30).

4         This Court received Brown's *pro se* federal petition for writ of habeas corpus, for

5    filing, on May 15, 2019 (ECF No. 4). The Court granted Brown's motion for appointment

6    of counsel, and appointed counsel for Brown. *See* Order entered May 16, 2019 (ECF

7    No. 3). With counsel, Brown filed a first amended habeas petition on July 11, 2019 (ECF

8    No. 13), and a second amended habeas petition on March 25, 2020 (ECF No. 24).

9         Respondents filed their motion to dismiss (ECF No. 39) on June 24, 2020,

10   asserting that all the claims in Brown's second amended petition are unexhausted in

11   state court. Brown filed an opposition to the motion to dismiss on August 27, 2020 (ECF

12   No. 44), conceding that his claims have not been presented in state court, but arguing

13   that they are technically exhausted because, under state procedural rules—the state

14   statute of limitations (NRS 34.726) and the state statute placing limits on successive

15   petitions (NRS 34.810)—they are now procedurally barred in state court, and, therefore,

16   the state courts would not now adjudicate their merits. Brown recognizes that, as a

17   result, his claims are potentially subject to denial as procedurally defaulted, but he

18   argues that he can overcome the procedural default under *Martinez v. Ryan*, 566 U.S. 1

19   (2012). Respondents filed a reply on September 25, 2020 (ECF No. 45), requesting that

20   the *Martinez* analysis be deferred and considered in conjunction with the merits of

21   Brown's claims.

22        A federal court may not grant habeas corpus relief on a claim not exhausted in

23   state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of

24   federal-state comity, and is intended to allow state courts the initial opportunity to

25   correct constitutional violations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To

26   exhaust a claim, a petitioner must fairly present the claim to the highest available state

27   court and must give that court the opportunity to address and resolve it. *See Duncan v.*

28   *Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,

10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). The parties agree—and the record reflects—that Brown has not presented the state courts with the claims he asserts here.

It appears, further, that Brown's claims would now be procedurally barred in state court. In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Brown's claims, now procedurally barred in state court, are subject to application of the procedural default doctrine in this case. *See Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). Where a state-court procedural bar constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that

the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Martinez*, the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause to overcome the procedural default of a claim of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9.

Because it is possible that Brown may be able to overcome the procedural default of his claims, under *Martinez*, by a showing of ineffective assistance of counsel in his state habeas action, and because this issue is intertwined with the merits of his claims, the Court determines that this issue will be best addressed after Respondents file an answer, and Brown files a reply. The Court will, therefore, deny the motion to dismiss, without prejudice to Respondents asserting their procedural default defense in their answer, along with their briefing of the merits of Brown's claims.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents will have **90 days** from the date of this order to file an answer. In all other respects the schedule for further proceedings set forth in the order entered June 14, 2019 (ECF No. 12) will remain in effect.

DATED this 3rd day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE